NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DAVID ELDRIDGE, *Appellant*.

No. 1 CA-CR 14-0400
FILED 9-15-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-419627-001
The Honorable Warren J. Granville, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

—————————————

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Kent E. Cattani and Judge John C. Gemmill joined.

—————————————

J O H N S E N, Judge:

¶1             David Eldridge was convicted of two counts of aggravated assault, Class 3 dangerous felonies, arising out of a road-rage incident.  For the reasons below, we affirm the convictions and resulting sentences.

## FACTS AND PROCEDURAL BACKGROUND

¶2             While both were driving, Eldridge and another driver became involved in an altercation.  The other driver testified Eldridge brandished a knife and threatened to kill him and his girlfriend, who was a passenger in the other driver's car.  Eventually both drivers stopped, and Eldridge stabbed the other driver.

¶3             The State charged Eldridge with two counts of aggravated assault.  The first count alleged Eldridge used a knife, "a deadly weapon or dangerous instrument," to physically injure the other driver.  The second count alleged Eldridge used a knife, "a deadly weapon or dangerous instrument," to place the other driver "in reasonable apprehension of imminent physical injury."  After the jury found Eldridge guilty of both charges, the superior court ruled both convictions necessarily included dangerousness findings because they both involved the use of a knife.  Accordingly, the court denied Eldridge's request to have the jury to decide the issue of dangerousness, and sentenced Eldridge to concurrent seven-year terms of incarceration.

¶4             We have jurisdiction over Eldridge's timely appeal pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2015), 13-4031 (2015), and 13-4033(A)(1) (2015).[1]

—————————————

[1]       Absent material revision after the date of an alleged offense, we cite a statute's current version.

**DISCUSSION**

¶5 On appeal, Eldridge argues only that the superior court erred by denying his request to submit to the jury the issue of whether his two convictions were dangerous offenses. Because the issue presented is one of law, our review is *de novo*. *State v. Lizardi*, 234 Ariz. 501, 504, ¶ 12 (App. 2014).

¶6 Pursuant to A.R.S. §§ 13-704 (2015) and -105(13) (2015), the sentencing range for a repetitive offense is enhanced if the offense is dangerous, meaning that it involved "the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument." In *Apprendi v. New Jersey*, 520 U.S. 466, 490 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Under this rule, however, the court may impose a sentence based on "*facts reflected in the jury verdict*." *Blakely v. Washington*, 542 U.S. 296, 303 (2004).

¶7 In *State v. Ring*, 204 Ariz. 534, 561, ¶ 88 (2003), the Arizona Supreme Court held there is no error under *Apprendi/Blakely* if the sentencing factor is implicit in the jury's verdict of guilt. Eldridge acknowledges *Ring*, but asserts that our supreme court's decision in that case ignores that juries sometimes render inconsistent verdicts. He argues that as a consequence, the fact that a sentencing factor is implicit in a guilty verdict does not necessarily mean that, having reached a guilty verdict, a jury always would come to the same conclusion if it were asked to decide the issue separately for sentencing. Eldridge's argument fails, however, because, as noted above, there is no error under *Blakely* when the factors necessary to establish a sentencing factor are implicit in the jury's verdict. In any event, we are bound by *Ring* and so reject Eldridge's argument and reaffirm that when a finding of dangerousness is essential to a conviction, the jury need not be asked separately to consider whether the crime is dangerous. *See State v. Larin*, 233 Ariz. 202, 212, ¶ 18 (App. 2013); *State v. Gatliff*, 209 Ariz. 362, 366, ¶ 18 (App. 2004) (conviction of arson of an occupied structure required proof that fire was dangerous).

¶8 Here, on each of the two charges, the jury was instructed that it could convict Eldridge only if it found, *inter alia*, that he "used a dangerous instrument or weapon." Accordingly, as the State argues, the jury necessarily found beyond a reasonable doubt that Eldridge used a dangerous instrument or weapon in committing both crimes. Because the jury necessarily concluded that Eldridge used a dangerous instrument or

weapon in committing each of the two crimes, the superior court did not err in denying Eldridge's request to submit the issue of dangerousness to the jury.

## CONCLUSION

¶9          We affirm Eldridge's convictions and resulting sentences.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama